No. 10381. HAROLD GOFF, PETITIONER v. STATE OF MONTANA and WARDEN FLOYD E. POWELL, RESPONDENTS.

Submitted November 29, 1961. Decided December 13, 1961.

Petition for Writ of Certiorari denied by United States Supreme Court, February 26, 1962.

367 P.2d 557.

**PER CURIAM.**

Original Proceeding. Petition for writ of habeas corpus brought by Harold Goff, an inmate of the Montana State Prison, appearing pro se.

The petition discloses that Goff and one Clyde Downey who were jointly charged, each entered a plea of guilty to the crime of murder in the first degree on November 26, 1940, and were both sentenced to confinement in the State Prison for life. Clyde Downey was released from the prison on November 17, 1954, after commutation of sentence by the Governor.

Petitioner alleges that his imprisonment, though at first lawful, has become unlawful because a member of the Montana Board of Pardons has exhibited bias and prejudice against him, and further that he is entitled to a hearing before the Board of Pardons in January, 1962, but said Board has refused to hold such hearing prior to July, 1962.

It is the contention of petitioner that he has been denied equal protection of the law and has been subject to greater punishment than another in similar circumstances. The basis for this assertion is that Downey has been released from the prison while petitioner has not. There is no merit in this contention. Both men were given the same punishment upon their pleas of guilty. The penalty provided by section 94-2505, R.C.M. 1947, for the crime of murder in the first degree is death, or in the discretion of the Court, imprisonment for the term of natural life.

Since the release of inmates on parole or by virtue of commutation of sentence rests in the discretion of the Board of

Pardons and they are required to consider the interests of society in exercising such discretion and be of the opinion that there is reasonable probability that the inmate can be released without detriment to himself or the community, their determination is not subject to review by the Courts.

 As to the allegation of bias and prejudice by a member of the Board of Pardons, the files of that board disclose that such member has disqualified himself from participating in any hearing involving petitioner, thus disposing of such contention.

 Hearings involving inmates of the State Prison are set by the Board of Pardons and are entirely within their discretion. Section 94-9832, R.C.M.1947, provides: "Within two (2) months after his admission and *at such intervals thereafter as it may determine*" the board should consider the records of prisoners. This section further provides that the board shall interview a prisoner before ordering his parole. The board may adopt other rules not inconsistent with the law as it deems proper and necessary. It is apparent the only requirement for a hearing or interview arises when the board is about to order a parole.

We discussed the general question of paroles in State ex rel. Herman v. Powell, 139 Mont. 583, 367 P.2d 553, and what is said in that opinion is applicable here, that a prisoner is not entitled to release as a matter of right until he has completed his maximum sentence.

The petition is denied.

MR. JUSTICE DOYLE, being disqualified, takes no part in this opinion.